IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BRYAN A. ARNOLD                                                                                    PLAINTIFF

v.                                      Civil No. 4:14-CV-04130-SOH-BAB

JANA TALLANT, *et. al.*                                                                        DEFENDANTS

**REPORT AND RECOMMENDATION**

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Plaintiff's failure to comply with a Court Order and his failure to prosecute. Also before the Court is Defendants' Motion to Dismiss. ECF No. 29. After careful consideration, the Court makes the following Report and Recommendation.

**1.     BACKGROUND**

On April 27, 2016, Defendants filed a Motion to Compel, stating Plaintiff had not responded to multiple discovery requests. They further stated requests sent to Plaintiff's free world address had not been returned as undeliverable.[1] ECF No. 27. On April 28, 2016, the Court entered an Order granting the Motion to Compel and directing Plaintiff to respond to the discovery requests by May 19, 2016. Plaintiff was advised that failure to comply with the Order could result in summary dismissal of his case. ECF No. 28. This Order was not returned as

---

[1] Records indicate Plaintiff was paroled on June 23, 2015. He provided a free world address to the Court on July 29, 2015, as part of a Motion to Supplement Complaint. ECF No. 18. This address is the current address of record at 508 West 16th Street, Hope, AR, 71801.

1

undeliverable.

On May 23, 2016, Defendants filed a Motion to Dismiss, stating they did not receive a response to the discovery requests, and had received no other correspondence from Plaintiff. ECF No. 29. The October 6, 2016, Order cancelling the scheduled Summary Judgment Hearing was not returned as undeliverable. Plaintiff has not communicated with the Court since February 16, 2016. ECF No. 24.

**2.     APPLICABLE LAW**

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489,

491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

### 3. DISCUSSION

Plaintiff has failed to comply with the Court's Order directing him to respond to Defendants' discovery requests. Plaintiff has also failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) the Court recommends Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Federal Rules of Civil Procedure and Local Rules, failure to comply with the Court's Order, and failure to prosecute this case. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

### 4. CONCLUSION

For the foregoing reasons, I recommend Defendants' Motion to Dismiss (ECF No. 29) be **GRANTED**, and Plaintiff's Complaint (ECF No. 1) be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Federal Rules of Civil Procedure and Local Rules, has failed to comply with the Court's Orders, and has failed to prosecute this matter.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the**

**district court.**

    **DATED** this 18th day of October 2016.

                                           /s/ Barry A. Bryant
                                           HON. BARRY A. BRYANT
                                           UNITED STATES MAGISTRATE JUDGE